## PACKARD v. SOUTHERN STATES POWER CO.

### No. 5831.

Circuit Court of Appeals, Fifth Circuit.
Feb. 10, 1931.

Paul Carter, of Marianna, Fla., for appellant.

James H. Finch, of Marianna, Fla., for appellee.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

FOSTER, Circuit Judge.

Appellant, plaintiff below, is the owner of certain lands in Jackson county, Fla., comparatively recently acquired, on which is located a large spring, known as Blue Springs, used as a bathing and swimming resort. The spring is the source of Spring creek, which leaves plaintiff's land about 2,000 feet from the spring, and runs about 8 miles, emptying into Chipola river. At a point about four and a half miles below the spring is a dam which, with the lake formed thereby, is owned by appellee, and is used by it for water power in the operation of an electric power plant and ice factory. The dam has been continuously maintained for over 50 years, but was raised recently when appellee acquired the property.

In August, 1928, appellant brought suit in a state court and obtained ex parte a preliminary injunction restraining appellee from maintaining more than a stage of 8 feet of water, as shown by a gauge attached to the dam. At that time the stage of water was 12 feet. The case was removed to the federal court, and, after a hearing on affidavits, the injunction was modified to permit a stage of water of 10.50 feet to be maintained. Thereafter the district court appointed an examiner to take the evidence for final hearing. The examiner took the testimony of some forty witnesses. On consideration of this evidence, the court desired to be further advised of the facts before making final adjudication, and appointed a commissioner to inspect the properties involved, at or near the several stages of water claimed to be proper by the respective parties, and to report to the court his findings of fact and conclusions as to the extent of damage suffered by the flooding of appellant's property at such several stages of water.

The commissioner investigated and reported, in substance, that no material damage was suffered by appellant as the result of the maintenance of a head of water as high as 10.42; that the change caused by the difference between a height of 8 and 10.42 feet at the dam in the area overflowed by the spring was minute; that the sandy area of the spring suitable for bathing purposes was increased and made useful therefor; and that the spring was wholly unpolluted.

Exceptions to the report of the commissioner were overruled, and the court entered a decree continuing the temporary injunction in force, with the right reserved to either party to apply in the future for modification

thereof, consequent upon material changes in the use of the properties affected. From that judgment this appeal is prosecuted.

Appellee concedes that it has no right to maintain a head of water of 12 feet, and that appellant is entitled to relief, but claims an easement, by prescription, of flowage on appellant's lands caused by a height of water at the dam between 10 and 11 feet.

Appellant does not dispute that appellee has an easement to some extent, but contends that it is no more than flowage caused by a height of water of 8 feet.

The case presents purely a question of fact. The testimony taken before the examiner is in conflict, but we will not stop to review it. From an examination of the whole record, we are of the opinion that a clear preponderance of the evidence supports the conclusion reached by the District Court.

The record presents no reversible error. Affirmed.